UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Defendant. | Civ. A. No. 25-1523 (DLF) |

## ANSWER

Defendant, Immigration and Customs Enforcement, by and through undersigned counsel, respectfully submits the following Answer to Plaintiff, Human Rights Defense Center's Complaint, ECF No. 1, in this Freedom of Information Act ("FOIA") case. Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

### INTRODUCTION[1]

  1.  The allegations contained in paragraph 1 consist of Plaintiff's characterization of the instant action, to which no response is required.

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. But to the extent a response is deemed required and to the extent those headings and titles could be construed as factual allegations, such allegations are denied.

## PARTIES, JURISDICTION, AND VENUE

2. The allegations contained in paragraph 2 consist of Plaintiff's characterization of himself, to which no response is required.

3. Defendant admits that U.S. Immigration and Customs Enforcement is a federal agency and component of the Department of Homeland Security and is subject to the provisions of the FOIA, 5 U.S.C. § 552, et seq. The remaining allegations of this paragraph consist of Plaintiff's conclusions of law, to which no response is required.

4. The allegations contained in paragraph 4 constitute conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits only that this Court has jurisdiction subject to the limitation of the FOIA and denies the remaining allegations.

5. The allegations contained in paragraph 5 constitute Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits only that venue is proper in this judicial district for a properly stated FOIA claim.

## FACTUAL BACKGROUND

6-10. The allegations contained in paragraphs 6 through 10 consist of Plaintiff's characterization of itself, to which no response is required.

### The FOIA Request to ICE – Request No. 2024-ICFP-46766

11. The allegations contained in paragraph 11 consist of Plaintiff's characterizations of his FOIA request, to which no response is required. Defendant respectfully refers the Court to the specific language of the FOIA request for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

12. The allegations contained in paragraph 12 consist of Plaintiff's characterization of his FOIA request, to which no response is required. Defendant respectfully refers the Court to the specific language of the FOIA request for a true and accurate statement of its contents and denies any allegations inconsistent therewith. The remainder of the allegations in this paragraph consists of conclusions of law, to which no response is required.

13-17. To the extent the allegations in paragraphs 13 through 17 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. The allegations contained in paragraph 18 consist of Plaintiff's characterization of correspondence from Defendant, to which no response is required. Defendant respectfully refers the Court to the cited correspondence for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

19. The allegations contained in paragraph 19 consist of Plaintiff's characterization of a response to its FOIA request, to which no response is required. Defendant respectfully refers the Court to the cited response for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

20. The allegations contained in paragraph 20 consist of Plaintiff's characterization of an appeal it submitted to Defendant, to which no response is required. Defendant respectfully

refers the Court to the cited appeal for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

21. The allegations contained in paragraph 21 consist of Plaintiff's characterization of an appeal decision it received from Defendant, to which no response is required. Defendant respectfully refers the Court to the cited appeal decision for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

22. Defendant denies the allegations of this paragraph.

## COUNT I
## Violation of 5 U.S.C. 552(a)(6)(A)(i)
## Failure to Timely Make a Determination

Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

23-30. The allegations contained in paragraphs 23 through 30 consist of Plaintiff's conclusions of law, to which no response is required.

## COUNT II
## Violation of 5 U.S.C. 552(a)(3)(A)-(D)
## Failure to Make a Reasonable Effort to Search for and Release Records

Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

31-34. The allegations contained in paragraphs 31 through 34 consist of Plaintiff's conclusions of law, to which no response is required.

## PRAYER FOR RELIEF

The remaining portion of the Complaint in subsections (a) through (e) sets forth Plaintiff's request for relief, to which no response is required. Insofar as a response is deemed required, Defendant denies that Plaintiff is entitled to any of the relief sought or to any relief in this action.

**DEFENSES**

Defendants deny all allegations in the Complaint which they have not otherwise specifically admitted or denied herein.

FIRST DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

SECOND DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by any applicable FOIA exemptions or exclusions 5 U.S.C. § 552, or under the Privacy Act, 5 U.S.C. § 552a.

THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under the FOIA.

FOURTH DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiff's FOIA Request.

FIFTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In

this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: July 2, 2025                                                    Respectfully submitted,

                                                                                     JEANINE FERRIS PIRRO
                                                                                     United States Attorney

                                                                                 By:       */s/ Fithawi Berhane*
                                                                                    FITHAWI BERHANE
                                                                                    Assistant United States Attorney
                                                                                    601 D Street, NW
                                                                                    Washington, DC 20530
                                                                                   (202) 252-6653

                                                                   *Attorneys for the United States of America*