UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER,

*Plaintiff,*

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT,

*Defendant*.

Civil Action No. 25-1523 (DLF)

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR
<u>SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

LEGAL STANDARD .................................................................................................................2

   I.    Rule 12(b)(1). .........................................................................................................2

   II.   Rule 56. ...................................................................................................................3

ARGUMENT............................................................................................................................3

CONCLUSION.........................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Nat'l Ins. Co. v. FDIC*,
   642 F.3d 1137 (D.C. Cir. 2011) ..........................................................................................2
*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................3
*Aref v. Holder*,
   774 F. Supp. 2d 147 (D.D.C. 2011) ....................................................................................3
*Arizonans for Off. English v. Arizona*,
   520 U.S. 43 (1997) ..............................................................................................................4
*Armstrong v. Executive Office of the President*,
   97 F.3d 575 (D.C. Cir. 1996) ..............................................................................................5
*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................................3
*Cornish v. Dudas*,
   715 F. Supp. 2d 56 (D.D.C. 2010) ......................................................................................2
*Dasta v. Lappin*,
   657 F. Supp. 2d 29 (D.D.C. 2009) ......................................................................................5
*Foretich v. United States*,
   351 F.3d 1198 (D.C. Cir. 2003) .......................................................................................3, 4
*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ............................................................................................................4
*Herbert v. Nat'l Acad. of Scis.*,
   974 F.2d 192 (D.C. Cir. 1992) ............................................................................................2
*Honig v. Doe*,
   484 U.S. 305 (1988) ............................................................................................................3
*Marshall v. Honeywell Tech. Solutions, Inc.*,
   675 F. Supp. 2d 22 (D.D.C. 2009) ......................................................................................2
*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ............................................................................................................3
*McBryde v. Comm. to Review*,
   264 F.3d 52 (D.C. Cir. 2001) ..............................................................................................4
*Miller v. Casey*,
   730 F.2d 773 (D.C. Cir. 1984) ............................................................................................5
*Perry v. Block*,
   684 F.2d 121 (D.C. Cir. 1982) ............................................................................................5
*Shulter v. United States*,
   531 F.3d 930 (D.C. Cir. 2008) ............................................................................................2
*Sieverding v. Dep't of Just.*,
   910 F. Supp. 2d 149 (D.D.C. 2012) ....................................................................................5

*Steel Co. v. Cit. for a Better Env't.*,
  523 U.S. 83 (1998) .........................................................................................................2
*Thomas v. Principi*,
  394 F.3d 970 (D.C. Cir. 2005) .......................................................................................2

Statutes

5 U.S.C. § 552(a)(4)(B) ....................................................................................................5

Rules

Fed. R. Civ. P. 56(a) .........................................................................................................3
Federal Rules of Civil Procedure 12(b)(1) ...................................................................1, 3
Rule 12(b)(6) ....................................................................................................................3

Defendant, Immigration and Customs Enforcement, by and through the undersigned counsel, hereby moves to dismiss the Complaint filed by Plaintiff, Human Rights Defense Council, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). Alternatively, Defendant moves for summary judgment under Rule 56 and attaches the Declaration of Fernando Pineiro ("Pineiro Decl.") in support.

Plaintiff brings this suit under the Freedom of Information Act ("FOIA"). *See generally* ECF No. 1 ("Compl."). Plaintiff's Complaint arises from a two-part FOIA request submitted to Defendant. The first part sought "[r]ecords, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against [Defendant] and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from July 10, 2014 to the present." Pineiro Decl. ¶ 4. The second part sought "for each case of claim" falling under the purview of the first part of the FOIA request the "complaint or claim form and any amended versions" as well as "[t]he verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case." *Id*. Accordingly, on July 2, 2025, Defendant issued a response to the first part of Plaintiffs FOIA request, which included the production of a Microsoft Excel document (albeit in a PDF format) listing the information sought in the first part of the FOIA request. *Id*. ¶ 13. The document was released without any withholdings asserted. *Id*. Subsequently, on December 9, 2025, Defendant made a release of 3,833 pages of records responsive to the second part of the FOIA request. *Id*. ¶ 14. These records were also released without any withholdings. *Id*.

Accordingly, the Complaint should be dismissed, or in the alternative,Defendant should be

granted summary judgment on any existing claims, because Defendant has already produced all

records responsive to Plaintiff's FOIA request.[1]

<h2 style="text-align:center;">LEGAL STANDARD</h2>

**I.      Rule 12(b)(1).**

When considering a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a

court must "assume the truth of all material factual allegations in the complaint and 'construe the

complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts

alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v.

Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, a court may examine materials outside

the pleadings as it deems appropriate to resolve the question of its jurisdiction.  *See Herbert v.

Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). Generally, "'[b]efore a court may address

the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.'" *Cornish

v. Dudas*, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting *Marshall v. Honeywell Tech. Solutions,

Inc.*, 675 F. Supp. 2d 22, 24 (D.D.C. 2009)). Further, it is the plaintiff's burden to demonstrate

subject matter jurisdiction. *Shulter v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). If the

plaintiff cannot meet this burden, the court must dismiss the action. *Steel Co. v. Cit. for a Better

Env't.*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 74 U.S. 506 (1868)). "Because subject

matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the

---

[1]      Plaintiff's Complaint only includes two claims. Count I alleges that Defendant failed to
make a timely determination regarding the FOIA request and Count II accuses Defendant of failure
to perform an adequate search for responsive records. *See generally* Compl. (ECF No. 1). Since
the Complaint does not assert any claim regarding Defendant's failure to disclose responsive, non-
exempt records, Plaintiff cannot move for summary judgment on any such claim now.

2

plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]" *Aref v. Holder*, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

## II.     Rule 56.

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson*, 477 U.S. 242. The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id*. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ARGUMENT

Article III of the U.S. Constitution limits federal court jurisdiction "to 'actual, ongoing, controversies[,]'" a limitation that "gives rise to the doctrines of standing and mootness." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). To have standing, "a plaintiff must show that, at the time the suit is filed, (1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed

by a favorable decision." *Foretich*, 351 F.3d at 1210 (alteration marks omitted) (quoting *Friends*

*of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). The mootness

doctrine is essentially standing in a timeframe. "If events outrun the controversy such that the court

can grant no meaningful relief, the case must be dismissed as moot." *Foretich*, 351 F.3d at 1210

(quoting *McBryde v. Comm. to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001)). "The requisite personal

interest that must exist at the commencement of the litigation (standing) must continue throughout

its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167,

189 (2000) (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 68 (1997)).

With respect to Plaintiff's FOIA claim, it should be dismissed for lack of subject-matter

jurisdiction due to mootness. Alternatively, Defendant is entitled to summary judgment on each of

Plaintiff's existing claims. Defendant has demonstrated by affidavit that an adequate search for

responsive records has been conducted and that all records responsive to the FOIA have been

released to Plaintiff without any exemptions asserted. Pineiro Decl. ¶¶ 22-41. Specifically, the

Pineiro Declaration reflects that all locations reasonably likely to possess responsive records have

been searched, and all records responsive to the FOIA request were released to Plaintiff without

redactions. *Id*. E-mail correspondence between the parties, through counsel, indicates that Plaintiff

does not necessarily challenge the adequacy of Defendant's search. *See generally* Ex. A, E-Mail

Correspondence. Instead, Plaintiff simply believes that Defendant's response to the second part of

the FOIA request is inadequate because Defendant construes the second part of the FOIA request

as seeking "[t]he verdict form, final judgment, settlement agreement, consent decree, *or* other

paper that resolved the case." *See supra*. (emphasis added). In other words, Defendant believes

that it is only required to produce "[a] paper that resolved the case," whether that be a verdict form,

final judgment, or settlement agreement. But Plaintiff inexplicably misconstrues its own FOIA

4

request, and it believes that Defendant is required to produce a "verdict form, final judgment, *and*

settlement agreement" for each case identified in Defendant's response to part one of the FOIA

request. *See* Ex. A at 2. (emphasis added). Nevertheless, despite Plaintiff's protestations to the

contrary, there is no doubt that Defendant's record productions are based upon a proper

construction of Plaintiff's FOIA request, and since Defendant has produced all records responsive

to the FOIA request without redactions, this case is now moot. *Miller v. Casey*, 730 F.2d 773, 777

(D.C. Cir. 1984) (emphasizing that agency is required to read FOIA request as drafted, "not as

either [an] agency official or [requester] might wish it was drafted")

As the Court of Appeals has recognized, when the government releases a contested record

while a FOIA action is pending, the release "moots the question of the validity of the original

exemption claim." *Armstrong v. Executive Office of the President,* 97 F.3d 575, 582 (D.C. Cir.

1996). The same is true, moreover, where the government releases all the documents in dispute in

a pending FOIA suit.  *See Dasta v. Lappin,* 657 F. Supp. 2d 29, 32 (D.D.C. 2009); *Sieverding v.*

*Dep't of Just.,* 910 F. Supp. 2d 149, 157 (D.D.C. 2012). The reason for this is straightforward:

under the FOIA, "once all requested records are surrendered, federal courts have no further

statutory function to perform." *Perry v. Block,* 684 F.2d 121, 125 (D.C. Cir. 1982). Because the

statute only authorizes a court to "enjoin the agency from withholding agency records and to order

the production of any agency records improperly withheld," 5 U.S.C. § 552(a)(4)(B), "'[o]nce the

records are produced the substance of the controversy disappears and becomes moot since the

disclosure which the suit seeks has already been made,'" *Perry,* 684 F.2d at 125 (quoting Crooker

v. Dep't of State, 628 F.2d 9, 10 (D.C. Cir. 1980)). In this case, all records responsive to Plaintiff's

FOIA request have been produced in full, *see supra*, meaning that Plaintiff has not alleged an

"injury-in-fact," and neither has Plaintiff alleged an injury that can in any way be traceable to

Defendant, for the purposes of Article III standing.

Accordingly, Plaintiff's Complaint should be dismissed, or else Defendant should be awarded summary judgment on all of Plaintiff's claims.

*    *    *

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this case be dismissed in its entirety, or that Defendant be awarded summary judgment on the claims of Plaintiff's Complaint.


Dated: January 16, 2026
      Washington, DC

                       Respectfully submitted,

                       JEANINE FERRIS PIRRO
                       United States Attorney


                       By:         /s/*Fithawi Berhane*
                           FITHAWI BERHANE
                           Assistant United States Attorney
                           601 D Street, NW
                           Washington, DC 20530
                           (202) 252-6653
                           Fithawi.Berhane@usdoj.gov

                       *Attorneys for the United States of America*