UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>  Defendant. | Case No. 25-cv-1523 (DLF) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND IN SUPPORT OF <u>PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1
FACTS AND PROCEDURAL BACKGROUND........................................................................ 1
STANDARD OF REVIEW ........................................................................................................ 3
ARGUMENT.............................................................................................................................. 4
I. Defendant violated FOIA by failing to search for and release all complaints and settlement records. ............................................................................................................ 4
II. HRDC properly challenges Defendant's failure to release records. .................................. 7
III. HRDC's Request sufficiently seeks Defendant's settlement records. ............................... 8
IV. To the extent there was ambiguity, HRDC narrowed its Request...................................... 9
V. HRDC did not waive any challenge to the adequacy of Defendant's search. .................. 10
VI. The case is properly before the Court. ............................................................................. 10
CONCLUSION......................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Ali v. Fed. Bureau of Prisons*,
   552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008) ............................................................... 8

*Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Hum. Servs.*,
   922 F. Supp. 2d 56 (D.D.C. 2013) ............................................................................................. 8

*Am. Ctr. for L. & Just. v. United States Dep't of Just.*,
   325 F. Supp. 3d 162 (D.D.C. 2018) .................................................................................... 9, 10

*Ancient Coin Collectors Guild v. U.S. Dep't of State*,
   641 F.3d 504 (D.C. Cir. 2011) ................................................................................................... 5

*Bayala v. United States Dep't of Homeland Sec., Off. of Gen. Couns.*,
   827 F.3d 31 (D.C. Cir. 2016) ................................................................................................... 10

*Conservation Force v. Jewell*,
   66 F. Supp. 3d 46 (D.D.C. 2014) ............................................................................................... 3

*Dep't of Justice v. Tax Analysts*,
   492 U.S. 136 (1989) .................................................................................................................. 3

*Dillon v. U.S. Dep't of Just.*,
   444 F. Supp. 3d 67 (D.D.C. 2020) ............................................................................................. 9

*Founding Church of Scientology v. NSA,*
   610 F.2d 824 (D.C. Cir. 1979) ................................................................................................... 8

*Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela*,
   146 F. Supp. 3d 112 (D.D.C. 2015) ........................................................................................... 7

*LaCedra v. Executive Office for U.S. Attorneys*,
   317 F.3d 345 (D.C. Cir. 2003) ................................................................................................... 8

*Lewis v. Dep't of Just.*,
   867 F. Supp. 2d 1 (D.D.C. 2011) ............................................................................................... 5

*Moore v. Aspin*,
   916 F. Supp. 32 (D.D.C. 1996) .................................................................................................. 3

*Oglesby v. United States Dep't of Army,*
   920 F.2d 57 (D.C.Cir.1990) ................................................................................................ 4, 6

*People for Am. Way Found. v. U.S. Dep't of Just.*,
    451 F. Supp. 2d 6 (D.D.C. 2006) .................................................................................. 9

*Pub. Citizen, Inc. v. Dep't of Educ.*,
    292 F. Supp. 2d 1 (D.D.C. 2003) .................................................................................. 6

*Truitt v. Dep't of State,*
    897 F.2d 540 (D.C. Cir. 1990) ............................................................................ 4, 5, 8

*United States v. Judd*,
    42 Fed. Appx. 140 (10th Cir. 2002) ............................................................................. 7

*Valencia-Lucena v. Coast Guard,*
    180 F.3d 321 (D.C. Cir. 1999) ............................................................................ 4, 5, 6

*Weisberg v. Dep't of Justice,*
    745 F.2d 1476 (D.C. Cir. 1984) .................................................................................. 4

*Weisberg v. United States Dep't of Justice,*
    627 F.2d 365 (D.C. Cir. 1980) .................................................................................... 4

*Weisberg v. United States Dep't of Justice,*
    705 F.2d 1344 (D.C. Cir. 1983) .................................................................................. 4

**Statutes**
5 U.S.C. § 552(a) ............................................................................................................ 3, 8

**Rules**
Fed. R. Civ. P. 1 ................................................................................................................. 9

## INTRODUCTION

This suit concerns the Government's failure to abide by basic requirements of openness and transparency, specifically in how United States Immigration and Customs Enforcement ("ICE" or "Defendant") resolves its litigation under the Freedom of Information Act ("FOIA"). Plaintiff Human Rights Defense Center ("HRDC" or "Plaintiff") brought this FOIA lawsuit against ICE seeking to understand the history of its FOIA litigation over the years. To that end, HRDC requested copies of the complaints filed in FOIA actions where ICE agreed to pay more than $1,000 to resolve the litigation or claim. HRDC also requested that ICE provide whatever document the agency used to resolve the case, whether it be a final judgment, verdict form, settlement agreement, or other paper. Contrary to ICE's position in its motion, HRDC is not—and realistically cannot—request a final judgment when one was not entered, or a verdict form, if the case was never brought to a jury. But logic dictates that if ICE entered into a settlement agreement to resolve the claim or litigation, it should produce it in response to HRDC's request. ICE takes umbrage with that simple premise. It construes HRDC's request in a hyper-technical and unnatural manner that would deprive the organization of the information it seeks to publish as part of its news-gathering efforts. The Court should reject ICE's arguments and deny its motion.

## FACTS AND PROCEDURAL BACKGROUND

As part of HRDC's newsgathering efforts, it issued a FOIA request (the "Request") to Defendant for

(1) Records, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against the US. Immigration and Customs Enforcement (ICE) and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from July 10, 2014 to the present: The name of all parties involved; The case or claim number; The jurisdiction in which the case or claim was brought (e.g., U.S. District Court for the District

>   > of Columbia, D.C. Superior Court, etc.); The date of resolution; The amount of money involved in the resolution and to whom it was paid;
>
>   (2) For each case or claim detailed above: The complaint or claim form and any amended versions; The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case.

*See* Declaration of Tiffany Hollis ("Hollis Decl.") ¶¶ 8–9. HRDC has issued a dozen or so requests over the past two years using almost identical language to federal agencies (with the only difference being the production date and agency name). *Id.* ¶¶ 6–7. Here, in response to the Request, Defendant indicated that no records existed. *Id.* ¶¶ 12–13. Following an administrative appeal, the matter was remanded, after which Defendant failed to timely respond. *Id.* ¶¶ 14–16.

Given its failure to timely respond, HRDC sued Defendant in this District. The Complaint seeks to hold Defendant accountable for its failure to (1) timely make a determination as to the Request (Count I), (2) make reasonable search efforts (Count II), and (3) release records (Count II). *See* Compl.

In addition to suing Defendant, HRDC has also sued several other federal agencies for failure to provide records for nearly identical FOIA requests. *See HRDC v. Fed. Bureau of Prisons*, No. 25-cv-1522 (D.D.C.); *HRDC v. U.S. Dep't of Homeland Security*, No. 25-cv-1525 (D.D.C.); *HRDC v. U.S. Secret Service*, No. 25-cv-1622 (D.D.C.); *HRDC v. Fed. Bureau of Investigation*, No. 25-cv-3920; *HRDC v. U.S. Customs and Border Protection*, No. 25-cv-3921 (D.D.C.); *HRDC v. U.S. Park Police*, No. 25-cv-4017 (D.D.C.); *HRDC v. U.S. Dep't of the Interior*, No. 25-cv-4019 (D.D.C.). And as part of that litigation, HRDC has now received complaints and settlement agreements from the Department of Homeland Security, of which Defendant is a component, the Secret Service, the U.S. Park Police, and the Bureau of Prisons. *See* Hollis Decl. ¶ 17 Of those agencies that have produced records, none has taken the position of Defendant that the disjunctive "or" in the second part of the request means that only a stipulation or order of dismissal may be

produced when a settlement agreement exists.

Here, Defendant produced a spreadsheet identifying every FOIA case resolved in the relevant time period with an amount paid to resolve attorney's fees and costs. *See id.* at Exhibit 1. It also produced records that are publicly available on PACER, including complaints, settlement agreements, and other records. *See id.* ¶¶ 19–22; *see also* Declaration of James Slater ("Slater Decl.") ¶¶ 11–13. But Defendant did not produce any settlement agreement (or similar document in the absence of an explicit settlement agreement) that was not filed on CM/ECF, in violation of FOIA. *See id.* And while Defendant did not produce every settlement agreement or other similar document in its second release, the documents it did produce there demonstrate why Defendant's interpretation of the Request defeats its purpose. That is, the initial spreadsheet provided by Defendant does not provide the full picture, only a settlement document can do that. Hollis Decl. ¶¶ 24–32; Slater Decl. ¶¶ 4–9.

## STANDARD OF REVIEW

"In the FOIA context, a district court reviewing a motion for summary judgment conducts a *de novo* review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under the FOIA." *Conservation Force v. Jewell*, 66 F. Supp. 3d 46, 55 (D.D.C. 2014) (citing 5 U.S.C. § 552(a)(4)(B)). "The court must analyze all underlying facts and inferences in the light most favorable to the FOIA requester." *Id.* "Accordingly, summary judgment for an agency is only appropriate if the agency proves that it has 'fully discharged its [FOIA] obligations[.]'" *Id.* (quoting *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996)); *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989) ([t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought . . . have not been improperly withheld."

3

**ARGUMENT**

I. **Defendant violated FOIA by failing to search for and release all complaints and settlement records.**

To win summary judgment on the adequacy of a search, the agency must demonstrate beyond material doubt that its search was "reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice,* 705 F.2d 1344, 1351 (D.C. Cir. 1983) ("*Weisberg II*"); *see also Valencia-Lucena v. Coast Guard,* 180 F.3d 321, 325 (D.C. Cir. 1999); *Truitt v. Dep't of State,* 897 F.2d 540, 542 (D.C. Cir. 1990). The agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested," *Oglesby v. United States Dep't of Army,* 920 F.2d 57, 68 (D.C.Cir.1990) (citing *Weisberg II,* 705 F.2d at 1351), and it "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Id.* To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate. *Id.* The affidavits must be "reasonably detailed ..., setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Id.* Conclusory statements that the agency has reviewed relevant files are insufficient to support summary judgment. *Weisberg v. United States Dep't of Justice,* 627 F.2d 365, 370 (D.C. Cir. 1980) ("*Weisberg I*") (affidavit asserting that agency official "ha[s] conducted a review of [agency] files which would contain [responsive] information," without describing approach to search or identifying files searched, is insufficiently detailed to permit summary judgment). Simply put, the adequacy of an agency's search under FOIA "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case." *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984) ("*Weisberg III*").

Here, Defendant's search for records responsive to the second part of HRDC's Request—for each case, "The complaint or claim form and any amended versions; The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case"—was plainly inadequate under FOIA. Defendant's affidavit confirms this. While Defendant produced a spreadsheet with each case and settlement figure to respond to the first part of the Request, it claims that other than searching on PACER, which is available to HRDC, going into other databases or attorney emails to find responsive records is not reasonable. [ECF No. 11-4 ¶ 37]. This argument fails for two reasons.

First, not every record is publicly available. *See* Slater Decl. ¶ 8. Only those documents the parties filed on PACER would be accessible there, and even so, there is no requirement under FOIA that HRDC search PACER for these records. And, moreover, Defendant is supposed to search and locate what it possesses, not what is technically in the possession of another agency. *See Lewis v. Dep't of Just.*, 867 F. Supp. 2d 1, 12–13 (D.D.C. 2011) (granting summary judgment for EOUSA where agency did not control documents filed and maintained in federal court). That is what HRDC requests—that Defendant search its records for the verdict, consent decree, settlement agreement, or other record that resolves the matter, and produce it. Defendant's suggestion that HRDC perform its own search is unmoored from FOIA.

Second, Defendant's review of PACER alone for responsive records to the second part of the Request is inadequate. "An agency is required to perform more than a perfunctory search in response to a FOIA request. It fulfills its obligations under FOIA 'if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citing *Valencia-Lucena,* 180 F.3d at 325 (quoting *Truitt,* 897 F.2d at 542). To prevail at summary

judgment, Defendant must show, through its affidavit, that "all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena*, 180 F.3d at 326 (quoting *Oglesby*, 920 F.2d at 68). Defendant's affiant's claim about what is "reasonable" misses the mark and, anyway, is unsupported. *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 6 (D.D.C. 2003) (insufficient to "merely claim" that search would be unreasonable).

To support the reasonableness of its response to the Request, Defendant's affiant also improperly opines on what the Request seeks: "Contrary to Plaintiff's assertions, they did not ask for 'all settlement agreements.' They also did not ask for 'all settlement agreements not already posted on PACER.'" [ECF No. 11-4 ¶ 40]. Defendant cannot avoid liability in this way. Specifically, Defendant has construed the request in a way to obviate the requirement to produce meaningful records, in violation of FOIA. A settlement agreement, verdict form, final judgment, or consent decree, will provide information relevant to the disposition of a case. Whereas a stipulation of dismissal that mirrors the language of Rule 41 will not. When reading the Request in its entirety and the purpose—records where Defendant settled FOIA claims more than $1,000— producing a perfunctory dismissal document in lieu of the settlement agreement, verdict form, or final judgment in the case (whichever is applicable) is not compliant with the law. Indeed, there likely would not be both a settlement agreement and a verdict form in a FOIA case, and so the idea that Defendant would need to produce both, is nonsensical. Instead, the correct reading of the Request is that Defendant should produce the *appropriate* and *relevant* document for each *specific* case. *See* Hollis Decl. ¶ 10. Here, contrary to its arguments in its motion, Defendant has failed to produce every complaint (five are missing) and almost all the settlement agreements (or stipulations, or however the parties in the specific case memorialized the document that resolved the matter).

6

Further, the Court can look at the documents produced by Defendant to see that its position is wrong. While the spreadsheet provides information about the amounts paid by Defendant to settle FOIA litigation, it does not provide the full picture or context of the specific case. *See* Hollis Decl. ¶¶ 20–32. By failing to produce the settlement agreements (or similar documents), Defendant fails to provide full accountability and transparency. For example, some of the settlement payouts in Defendant's spreadsheet do not correspond with the few settlement documents it produced. Some of these documents would show that other agencies paid portions of the settlement amount, whereas others, like in *ACLU Immigrant's Rights Project v. ICE*, No. 19-cv-7058, have the wrong settlement amount. *See id.* Without having the underlying documents, Defendant has failed to satisfy FOIA.

***

To avoid accountability, Defendant raises several arguments in its motion for summary judgment, each of which are easily dismissed and addressed in turn.

**II.     HRDC properly challenges Defendant's failure to release records.**

Defendant argues in a footnote that HRDC only sought to challenge the adequacy of the search, not to obtain release of records. Def.'s Mot. at 6 n.1 [ECF No. 11-2]. While the Court should find that Defendant waived this argument by placing it, without any legal or factual support, in a footnote, *see Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela*, 146 F. Supp. 3d 112, 126 (D.D.C. 2015) (citing *United States v. Judd*, 42 Fed. Appx. 140, 144 (10th Cir. 2002), even if it were considered, it should be dismissed outright. That is because Count II clearly seeks a release of records (both in the description of the count and in paragraphs 32 through 34). That claim indicates that Defendant failed to, among other things, "satisfy the requirement to … release of [sic] records," and such "failure to … promptly produce the materials requested by HRDC"

7

violates FOIA. Moreover, as part of the relief requested, HRDC asks the Court to order Defendant to release all nonexempt responsive records. Compl., Requested Relief.

### III. HRDC's Request sufficiently seeks Defendant's settlement records.

Next, Defendant argues that HRDC has "misconstrued" its own Request by reading it to seek settlement agreements (and similar records) from the FOIA cases identified in the first part of the Request. Instead, Defendant reads the catchall "or other paper that resolved the case" to mean that it can get away with producing the Rule 41 stipulation of dismissal instead of the underlying settlement agreement.

Although a requester must "reasonably describe[ ]" the records sought, 5 U.S.C. § 552(a)(3), an agency also has a duty to construe a FOIA request liberally. *Truitt v. Dep't of State,* 897 F.2d at 544–45 (citing Senate Report accompanying relevant provision of FOIA); *Founding Church of Scientology v. NSA,* 610 F.2d 824, 836–37 (D.C. Cir. 1979) (same). Here, Defendant failed to do so.

When a request is "reasonably susceptible to the broader reading," *Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 922 F. Supp. 2d 56, 63 (D.D.C. 2013) (quoting *LaCedra v. Executive Office for U.S. Attorneys*, 317 F.3d 345, 348 (D.C. Cir. 2003)), the agency has an obligation to construe it "liberally." *Id.* Even when a request "is not a model of clarity," *LaCedra*, 317 F.3d at 348, catchalls "should be read to seek all documents covered by" it. *Am. Chemistry Council*, 922 F. Supp. 2d at 63. Indeed, the *ejusdem generis* principle dictates that "when a general term follows a specific one, the general term should be understood as a reference to subjects akin to the one with specific enumeration." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 223, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008) (quotation omitted). Here, the second part of the Request seeks the "verdict form, final judgment, settlement agreement, consent decree, or other

8

paper that resolved the case." The phrase "or other paper that resolved the case" is a general term following various specific terms, and therefore should be read to reference documents "akin" to settlement agreements, verdict forms, and so forth. A stipulation of dismissal under Rule 41 that includes no information about the settlement payment—again, the crux of the request is seeking information where the agency paid more than $1,000 to resolve the case—is not the same type of document that could be construed a "subject[] akin" to those that are specifically enumerated. Every other agency confronted with a nearly identical request in this District has understood what records are sought because the Request is clear. Instead, Defendant's position is flawed.

## IV. To the extent there was ambiguity, HRDC narrowed its Request.

Further, to the extent that the Request was ambiguous, which HRDC denies, the post-litigation clarifications should have resulted in release of the withheld records.

Once parties "have appeared in a civil matter, they routinely agree to narrow the issues in dispute or to give up important procedural rights. If they could not, civil litigation would not serve its purpose of offering a 'just, speedy, and inexpensive determination of every action.'" *Am. Ctr. for L. & Just. v. United States Dep't of Just.*, 325 F. Supp. 3d 162, 168 (D.D.C. 2018) (quoting Fed. R. Civ. P. 1.). In the FOIA context, "FOIA requests are frequently clarified or modified even after a lawsuit is filed." *People for Am. Way Found. v. U.S. Dep't of Just.*, 451 F. Supp. 2d 6, 12 (D.D.C. 2006). While requests cannot be broadened during litigation, *see Dillon v. U.S. Dep't of Just.*, 444 F. Supp. 3d 67, 86 (D.D.C. 2020), it "would be senseless and inefficient … to ignore the advances made during" a case. *People for Am. Way Found.*, 451 Supp. 2d at 11–12.

Here, to the extent Defendant was confused about the records sought by HRDC, such matters were clarified during the litigation. As HRDC's counsel explained to Defendant's lawyer: "If ICE settled with a requester, then there is no verdict form, final judgment, or consent decree

but necessarily a settlement agreement, and that is not going to be public. We do not read the request to mean that you can simply point to a notice or stipulation of dismissal and then avoid producing the actual document resolving the case as specifically identified on the request." [ECF No. 11-3 at 2].

### V.     HRDC did not waive any challenge to the adequacy of Defendant's search.

In a sentence, Defendant argues that HRDC "does not necessarily challenge the adequacy of Defendant's search" based on counsel's emails. [ECF No. 11-2 at 8]. While the emails shared by Defendant with the Court do not explicitly reference a challenge to the adequacy of the search, there is certainly no requirement that HRDC lay out every argument in its emails with defense counsel. To the extent that Defendant is even really raising a waiver argument here, which is unclear, such argument must be dismissed because the focus on one issue in the emails does not amount to an agreement by the parties as to all issues for summary judgment. Indeed, as subsequent emails show, HRDC reserved the right to challenge the adequacy of Defendant's search even after the parties worked to narrow the issues. *See* Slater Decl. at Ex. 1. And while status reports and written agreements can be binding, *Am. Ctr. for L. & Just.*, 325 F. Supp. 3d at 168–69, the emails only contain the parties' disagreement on issues and HRDC's reservation of rights to challenge the adequacy of the agency's search. There is no waiver here.

### VI.    The case is properly before the Court.

Finally, this matter is properly before the Court for several reasons. First, HRDC exhausted its administrative remedies before filing suit, which Defendant concedes by not raising in its motion. *Bayala v. United States Dep't of Homeland Sec., Off. of Gen. Couns.*, 827 F.3d 31, 35 (D.C. Cir. 2016) ("Exhaustion, instead, can be a substantive ground for rejecting a FOIA claim in litigation."). Second, while Defendant claims this dispute is moot because it believes it has

complied with FOIA, because "all requested records are not surrendered" and HRDC contests Defendant's withholding, this case is not moot. *Id.* (internal citations and brackets omitted); *see also* Def.'s Mot. at 9 (collecting cases for the proposition that a case is only moot when all records are released) [ECF No. 11-2]. Accordingly, the Court should reject Defendant's summary judgment and subject-matter arguments for dismissal on mootness.

## CONCLUSION

For all these reasons, the Court should enter summary judgment in HRDC's favor.

Dated: February 9, 2026

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (DC Bar # 1044374)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, GA 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Human Rights Defense Center*