UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No. 25-cv-1523 (DLF) |

### DECLARATION OF JAMES M. SLATER

I, James M. Slater, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My name is James M. Slater and I am lead counsel for Plaintiff Human Rights Defense Center ("HRDC") in the above-referenced case.

2. I am over the age of 18, and I have personal knowledge of the facts set forth in this declaration.

3. The purpose of this declaration is to provide context for HRDC's Freedom of Information Act ("FOIA") request and to annex communications between counsel for the parties concerning the nature of Defendant's production of records and to provide full context as to HRDC's position on challenging the adequacy of Defendant's search.

### The government only reports information that is available on PACER

4. I understand that agencies are required to submit information to the Attorney General each year to comply with FOIA. *See* 5 U.S.C. § 552(e).

5. On the Department of Justice's website, the federal government provides the public with annual reports with information concerning FOIA cases, including a list of all FOIA cases in which a decision was reached by a federal court during that calendar year.

6. For example, the Department of Justice maintains its "List of Freedom of Information Act Cases in Which a Decision Was Rendered in 2024, Including the Disposition of Each Such Case, the Subsections and Exemptions Involved, and the Fees and Costs Awarded" at the following link: https://www.justice.gov/oip/media/1392646/dl?inline.

7. According to the government, this list "also reflects those cases where court filings indicate that a party agreed to pay attorney fees or costs." *See* https://www.justice.gov/oip/2024-litigation-and-compliance-report.

8. I was the lead plaintiff in a FOIA case that was resolved in 2024 against the Federal Bureau of Prisons, in which the BOP paid $434.19 to settle my costs. *James M. Slater v. Bureau of Prisons*, No. 5:23-cv-00724 (M.D. Fla.). That payment was the result of a settlement agreement, a true and correct copy of which is docketed at ECF No. 1-2. While BOP reimbursed me for costs, because that settlement agreement was not filed with CM/ECF and because it is not available on PACER, the Department of Justice reported that no attorneys' fees or costs were paid in that case:

| Case Name | Case Number | Court | Disposition | Attorney Fees and Costs | Special Counsel | Subsections and Exemptions |
|---|---|---|---|---|---|---|
| Silversmith v. Federal Aviation Administration | 22-03613 | D.D.C. | Stipulation of dismissal with prejudice | | No | |
| Singh v. Customs and Border Protection | 24-00875 | D.D.C. | Stipulation of dismissal with prejudice | | No | |
| Skanska USA Building Inc. v. Department of Housing and Urban Development | 23-01838 | D.D.C. | Stipulation of dismissal with prejudice | | No | |
| Slater v. Bureau of Prisons | 23-00724 | M.D. Fla. | Stipulation of dismissal with prejudice | | No | |

9. Thus, while the federal government reports how much are paid in fees and costs in FOIA cases in its annual reporting, such reporting is limited to what is publicly available on PACER, as the government explains on its website.

**The parties' efforts to narrow the issues**

10. Following the production of the spreadsheet identifying cases and payout information, I wrote to counsel for Defendant to explain that HRDC's request encompassed additional information. Defendant filed some of that correspondence with the Court in connection with its motion for summary judgment.

11. Following that correspondence, on September 18 2025, Defendant's counsel emailed me and indicated that Defendant would agree to (1) pull all final documents from PACER and then (2) conduct searches for all settlement agreements if obtainable.

12. I explained that such a plan was operable, subject to addressing the adequacy of efforts to obtain settlement agreements if the inability to locate the records arose.

13. In response, Defendant's counsel indicated that Defendant would only conduct a search for all settlement agreements if HRDC agreed not to contest the adequacy of the search.

14. I explained that my client could not resolve the case without preserving its right to challenge the adequacy of Defendant's search.

15. A true and correct copy of this correspondence is attached hereto as **Exhibit 1**.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on February 9, 2026 at Atlanta, Georgia

_____
James M. Slater