UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Civ. A. No. 25-1523 (DLF) |

**PLAINTIFF'S RESPONSE TO STATEMENT OF FACTS AND ADDITIONAL FACTS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Section 5(d) of the Court's Standard Order for Civil Cases, Plaintiff Human Rights Defense Center ("HRDC" or "Plaintiff") responds to Defendant United States Immigration and Customs Enforcement's ("ICE" or "Defendant") Statement of Material Facts and offers the following additional facts.

RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

1. On July 14, 2025, Plaintiff submitted a FOIA Request to Defendant seeking: (1) Records, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against the US. Immigration and Customs Enforcement (ICE) and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from July 10, 2014 to the present: The name of all parties involved; The case or claim number; The jurisdiction in which the case or claim was brought (e.g., U.S. District Court for the District of Columbia, D.C. Superior Court, etc.); The date of resolution; The amount of money involved in the resolution and to whom it was paid; (2) For each case or claim detailed above: The complaint or claim form and any amended versions; The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case. Pineiro Decl. ¶ 4.

**RESPONSE: Undisputed.**

  2. On July 2, 2025, Defendant issued a response to the first part of Plaintiffs FOIA request, which included the production of a Microsoft Excel document (albeit in a PDF format) listing the information sought in the first part of the FOIA request. *Id.* ¶ 13.

**RESPONSE: Undisputed.** *See* **Declaration of Tiffany Hollis ("Hollis Decl.") at Exhibit 1.**

  3. The production on July 2, 2025, was released without any withholdings asserted. *Id.*

**RESPONSE: Undisputed.**

  4. On September 25, 2025, Defendant made a release of records responsive to the second part of the FOIA request. *Id.* ¶ 14.

**RESPONSE: Disputed as to date. Defendant issued its second and purportedly final release on December 9, 2025.** *See* **ECF No. 10 (Joint Status Report); Hollis Decl. ¶ 19.**

  5. These records were also released without any withholdings. *Id.*

**RESPONSE: Undisputed that those records produced in the second release did not contain redactions or withheld pages. Disputed that Defendant did not withhold responsive records.** *See* **Hollis Decl. ¶¶ 20–32.**

  6. Defendant has provided a final response to Plaintiff's FOIA request. *Id.* ¶¶ 6-33.

**RESPONSE: Undisputed that Defendant has provided a so-called "final" response to Plaintiff's FOIA request; disputed that the response and second release satisfies FOIA or otherwise fully responds to Plaintiff's request.** *See id.*

PLAINTIFF'S ADDITIONAL FACTS

 A. <u>Plaintiff's Newsgathering Background</u>

  1. Plaintiff currently distributes dozens of different criminal justice, legal and self-help titles, including its prolific monthly periodical that reports and analyzes criminal justice and

legal issues for use by prisoners, lawyers, courts, libraries, and other members of the public. *See* Hollis Decl. ¶ 3.

    2.    As part of Plaintiff's newsgathering it uses Freedom of Information Act ("FOIA") and state records' laws to obtain verdicts and settlements in a variety of cases. *Id.* ¶ 4.

    3.    Once such records are obtained, Plaintiff publishes them on its listerv and website for its readership and the public. *Id.*

    4.    Throughout its history as an organization, Plaintiff has been involved in various FOIA and open records lawsuits to obtain settlement agreements. *Id.* ¶ 5.

B.  <u>Plaintiff's 2024 Efforts to Obtain Settlement Agreements from Federal Agencies</u>

    5.    While the Department of Justice publishes annual data on the amounts paid by agencies for FOIA litigation, the information provided in those reports is not complete. *See* Declaration of James M. Slater ("Slater Decl.") ¶¶ 4–9.

    6.    To ensure complete access to information and the underlying settlement and verdict records, as applicable, in July 2024, Plaintiff issued nearly identically worded FOIA requests to Defendant and approximately a dozen other federal agencies seeking settlement records with respect to FOIA claims and litigation. Hollis Decl. ¶¶ 6–7, 10.

    7.    The only differences in these requests are the names of the agencies involved and the starting date for responsive records. *Id.* ¶ 7.

    8.    Relevant here, on July 14, 2025, Plaintiff submitted a FOIA request (the "Request") to Defendant seeking: "(1) Records, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against the US. Immigration and Customs Enforcement (ICE) and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from July 10, 2014 to the present: The name of all parties involved; The case or claim

3

number; The jurisdiction in which the case or claim was brought (e.g., U.S. District Court for the District of Columbia, D.C. Superior Court, etc.); The date of resolution; The amount of money involved in the resolution and to whom it was paid; (2) For each case or claim detailed above: The complaint or claim form and any amended versions; The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case." *See id.* ¶ 9 & ECF No. 1-1.

9. In response to the Request, Defendant stated that it "has conducted a search of the ICE Office of the Principle Legal Advisor (OPLA) for records responsive to your request and no records responsive to your request were found." *See* Hollis Decl. ¶¶ 12–13 & ECF No. 1-4.

10. Plaintiff appealed that determination. *See* Hollis Decl. ¶ 14 & ECF No. 1-5.

11. On September 25, 2024, Defendant remanded the appeal to the FOIA office to perform an adequate search: "after a complete review of the administrative record, ICE has determined that a new search or, modifications to the existing search, could be made. We are therefore remanding your appeal to the ICE FOIA Office for processing and re-tasking to the appropriate offices to obtain any responsive documents. The ICE FOIA Office will respond directly to you." *See* Hollis Decl. ¶ 15 & ECF No. 1-6.

12. Defendant did not respond the Request. *See* Hollis Decl. ¶ 16.

13. Starting in June 2025, Plaintiff began filing FOIA lawsuits against the agencies in this District for their respective failure to process the requests and produce records. *Id.* ¶ 17 *See also HRDC v. Fed. Bureau of Prisons*, No. 25-cv-1522 (D.D.C.); *HRDC v. U.S. Dep't of Homeland Security*, No. 25-cv-1525 (D.D.C.); *HRDC v. U.S. Secret Service*, No. 25-cv-1622 (D.D.C.); *HRDC v. Fed. Bureau of Investigation*, No. 25-cv-3920; *HRDC v. U.S. Customs and Border Protection*, No. 25-cv-3921 (D.D.C.); *HRDC v. U.S. Park Police*, No. 25-cv-4017 (D.D.C.); *HRDC v. U.S. Dep't of the Interior*, No. 25-cv-4019 (D.D.C.).

14. On July 10, 2025, shortly after Defendant produced its spreadsheet containing case and settlement payment information here, in Case No. 25-cv-1525, the Department of Homeland Security—the agency under which Defendant is a component—produced copies of responsive FOIA complaints and settlement agreements. *See* Hollis Decl. ¶ 17 n.1.

15. On July 30, 2025, in Case No. 25-cv-1622, the Secret Service produced a spreadsheet of all FOIA claims and payments along with responsive complaints and settlement agreements. *Id.*

16. On January 10, 2026, in Case No. 25-cv-1522, the Bureau of Prisons produced a rolling production of responsive FOIA complaints and settlement agreements. *Id.*

17. On January 14, 2026, in Case No. 25-cv-4017, the Park Police produced all complaints and settlement agreements for FOIA claims. *Id.*

C. Defendant Fails to Comply with FOIA

18. After providing its spreadsheet in this case, in September 2025, Defendant indicated that it would (1) pull all final documents from PACER and then (2) conduct searches for all settlement agreements if obtainable. *See* Slater Decl. at Ex. 1 at 4.

19. HRDC's counsel indicated that such a plan was operable, subject to addressing the adequacy of efforts to obtain settlement agreements if the inability to locate the records arose. *See id.* at 3.

20. In response, Defendant's counsel indicated that it would only conduct a search for all settlement agreements if HRDC agreed not to contest the adequacy of the search. *See id.* at 2.

21. HRDC's counsel explained that it could not proceed with dismissing the case without reviewing the records and confirming the adequacy of the search. *See id.* at 1.

22. On that basis, Defendant processed the second part of the Request limited to those records available on PACER. *See id.*

23. On December 9, 2025, Defendant produced a determination letter dated November 25, 2025, along with records (the "Second Release"). *See* Hollis Decl. ¶ 19.

24. The Second Release contains 3,833 pages of records. *Id.*

25. Of the more than 100 cases identified on Defendant's July 2025 spreadsheet, Defendant's Second Release contained the complaint for every case except: *American Oversight v. DHS*, No. 21-3030; *ACLU of Colo. v. ICE*, No. 19-cv-1036; *Human Rights Watch v. ICE*, No. 20-cv-10001; *Vargas v. ICE*, No. 22-cv-287; and *ACLU v. CBP & ICE*, No. 19-cv-11311. *Id.* ¶ 20.

26. Defendant also produced court orders, stipulations of dismissal, stipulations of settlement and dismissal, acceptance of a Rule 68 offer, and settlement agreements in its Second Release. *Id.* ¶ 21.

27. Defendant did not produce each settlement, stipulation on attorney's fees, judgment, or verdict, as applicable, for each of the cases identified on the July 2025 spreadsheet. *Id.* ¶ 22.

28. In its July 2025 spreadsheet, Defendant indicates the settlement amounts paid by the agency for each FOIA case. *Id.* at Exhibit 1.

29. For the limited settlement documents produced by Defendant in the Second Release, the July 2025 spreadsheet does not completely correspond to the settlement amounts on the documents. *See* Hollis Decl. ¶ 24. For example:

*ACLU Immigrant's Rights Project v. ICE*, No. 19-cv-7058

a. The July 2025 spreadsheet, for example, indicates that Defendant paid $187,000 in *ACLU Immigrant's Rights Project v. ICE*, No. 19-cv-7058. *See id.* ¶¶ 25–26.

b. For that case, Defendant produced the Stipulation of Settlement and Dismissal, indicating that Defendant paid $187,500 in fees and costs. *See id.* at Exhibit 3, 2025-ICLI-00060 03787-89.

*ACLU v. DHS*, No. 15-cv-9020

c. Similarly, for *ACLU v. DHS*, No. 15-cv-9020, the spreadsheet indicates that $12,000 was paid as settlement by Defendant. *Id.* at ¶ 27.

d. In the Second Release, Defendant produced a Stipulation and Order of Settlement and Dismissal, which states that $90,000 was paid by the various government defendants, including Defendant, for attorney's fees and costs, without any information on allocation. *See id.* at Exhibit 4, 2025-ICLI-00060 03550-52.

*NIPNLG v. DHS*, Case No. 11-3235

e. The spreadsheet references a $50,000 settlement by Defendant in *NIPNLG v. DHS*, Case No. 11-3235. *Id.* at ¶ 29.

f. And for that case, the stipulated settlement produced in the Second Release shows a $165,000 settlement of attorney's fees and costs. *See id.* at Exhibit 5, 2025-ICLI-00060 03756-60.

*ACLU of Maine v. DHS, ICE & CBP*, No. 18-cv-182

g. In *ACLU of Maine v. DHS, ICE & CBP*, No. 18-cv-182, the July 2025 spreadsheet references a $10,565 settlement payment by Defendant's component ERO. *Id.* at ¶ 31.

h.  The settlement agreement produced by Defendant in the Second Release for this case references $29,500 paid by the government agencies to settle attorney's fees and costs. *See id.* at Exhibit 6, 2025-ICLI-00060 03714-16.

Dated: February 9, 2026

                                          Respectfully submitted,

                                          */s/ James M. Slater*
                                          James M. Slater (DC Bar # 1044374)
                                          Slater Legal PLLC
                                          2296 Henderson Mill Rd. N.E. #116
                                          Atlanta, GA 30345
                                          james@slater.legal
                                          Tel. (404) 458-7283

                                          *Attorneys for Plaintiff Human Rights Defense Center*