UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>  Defendant. | Civ. A. No. 25-1523 (DLF) |

## DECLARATION OF TIFFANY HOLLIS

I, Tiffany Hollis, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Tiffany Hollis and I am the public records manager for Human Rights Defense Center ("HRDC"), the Plaintiff in this case. I am over the age of 18, and I have personal knowledge of the facts set forth in this declaration.

2. I submit this declaration in support of HRDC's motion for summary judgment and response to Defendant United States Immigration and Customs Enforcement's ("ICE") motion for summary judgment.

3. HRDC is a 501(c)(3) non-profit corporation that advocates on behalf of the human rights of people held in detention facilities in the United States. Its mission is public and prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. HRDC distributes dozens of different criminal justice, legal and self-help titles, including its prolific monthly periodicals *Prison Legal News* and *Criminal Legal News* that report and analyze criminal justice and legal issues for use by prisoners, lawyers, courts, libraries, and other members of the public.

4. As part of my duties as HRDC's public records manager, I use the Freedom of Information Act ("FOIA") and state records laws to obtain records in support of HRDC's newsgathering efforts and publications online and on its listserv.

5. HRDC routinely sues federal, state, and local agencies and contractors under FOIA and state records laws to obtain records, including settlement agreements. We also routinely publish information about such records litigation and the results on our various websites and in our publications. *See* John E. Dannenberg, *PLN Wins FOIA Suit to Gain Copies of BOP Verdicts and Settlements without Charge*, PRISON LEGAL NEWS (Sept. 15, 2006), https://www.prisonlegalnews.org/news/2006/sep/15/pln-wins-foia-suit-to-gain-copies-of-bop-verdicts-and-settlements-without-charge/; *see also* Chuck Sharman, *PLN Publisher Wins Settlement Records from Centurion in Florida Prisoner's Wrongful Death*, PRIVATE PRISON NEWS (Aug. 15, 2025), https://www.privateprisonnews.org/news/2025/aug/1/pln-publisher-wins-settlement-records-centurion-florida-prisoners-wrongful-death/.

6. In the summer of 2024, as HRDC's public records manager, I issued several FOIA requests to federal agencies for verdict and settlement information. Specifically, HRDC sought information about the agencies' respective FOIA litigation, where the agency paid more than $1,000 to resolve the claim or litigation.

7. These FOIA requests were almost identical. The only difference was the date through which the agency was required to search for records and the name of the agency.

8. The FOIA request attached to the Complaint as Docket Entry 1-1 is a true and correct copy of the July 16, 2024 FOIA request I wrote to ICE on behalf of HRDC.

9. In that request, HRDC sought "(1) Records, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against the US. Immigration

2

and Customs Enforcement (ICE) and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from July 10, 2014 to the present: The name of all parties involved; The case or claim number; The jurisdiction in which the case or claim was brought (e.g., U.S. District Court for the District of Columbia, D.C. Superior Court, etc.); The date of resolution; The amount of money involved in the resolution and to whom it was paid; (2) For each case or claim detailed above: The complaint or claim form and any amended versions; The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case."

10. The purpose of this request to ICE was to learn how much it has paid since July 10, 2014 for verdicts or settlements with respect to FOIA claims and litigation, and to obtain the relevant complaint and resolving document for such claim or case. I worded the request to include specific terms like "final judgment," "verdict form," "settlement agreement," and "consent decree," because without knowing more about the specific claim or case, we would not know which type of document resolved the case. I also included the phrase "or other paper that resolved the case," because there could be a different type of document that would resolve the case, like a stipulation. Again, the purpose of the request was to obtain the relevant underlying documents showing how much the agency paid to resolve FOIA claims and lawsuits.

11. In response to the request, on July 22, 2024, I received a processing letter from ICE's FOIA Office. The processing letter attached to the Complaint as Docket Entry 1-3 is a true and correct copy of the processing letter I received.

12. On August 12, 2024, I received a determination letter from ICE's FOIA Office. The determination letter attached to the Complaint as Docket Entry 1-4 is a true and correct copy of the determination letter I received.

13. According to that determination letter "ICE ha[d] conducted a search of the ICE Office of the Principle Legal Advisor (OPLA) for records responsive to [HRDC's] request and no records responsive to [HRDC's] request were found.

14. On August 29, 2024, I submitted an appeal letter to ICE's Office of the Principal Legal Adviser ("OPLA"). A true and correct copy of that appeal is attached to the Complaint as Docket Entry 1-5.

15. On September 25, 2024, I received a letter from ICE's OPLA, which informed HRDC that ICE determined "that a new search or, modifications to the existing search, could be made." A true and correct copy of the appeal response from OPLA is attached to the Complaint as Docket Entry 1-6.

16. The matter was remanded to ICE, which did not issue any further responses and did not provide any records prior to HRDC filing suit.

17. HRDC sued ICE in June 2025 and began suing other federal agencies in this District for the same records based on nearly identical requests.[1]

18. On or about July 2, 2025, with respect to this case, ICE produced a spreadsheet of approximately 140 FOIA cases where it paid more than $1,000 for resolution. A true and correct copy of the spreadsheet is attached as **Exhibit 1** hereto.

---

[1] With respect to those cases, for example: on July 10, 2025, in Case No. 25-cv-1525 (D.D.C), the Department of Homeland Security produced more than 2,000 pages of complaints and settlement agreements; on July 30, 2025, in Case No. 25-cv-1622 (D.D.C.), the Secret Service produced a spreadsheet of all FOIA claims and payments along with responsive complaints and settlement agreements; on January 10, 2026, in Case No. 25-cv-1522 (D.D.C.), the Bureau of Prisons produced a rolling production of responsive FOIA complaints and settlement agreements; and On January 14, 2026, in Case No. 25-cv-4017 (D.D.C.), the Park Police produced all complaints and settlement agreements for FOIA claims.

19. After providing its spreadsheet in this case, on December 9, 2025, ICE produced a release letter dated November 25, 2025, along with 3,833 pages of records. A true and correct copy of the November 25, 2025 release letter is attached as **Exhibit 2** hereto.

20. I reviewed the 3,833-page second release and cross-referenced it with the July 2, 2025 spreadsheet. According to my review, ICE produced the complaint for each of the cases identified on the spreadsheet except for: *American Oversight v. DHS*, No. 21-3030; *ACLU of Colo. v. ICE*, No. 19-cv-1036; *Human Rights Watch v. ICE*, No. 20-cv-10001; *Vargas v. ICE*, No. 22-cv-287; and *ACLU v. CBP & ICE*, No. 19-cv-11311.

21. ICE also produced court orders, stipulations of dismissal, stipulations of settlement and dismissal, acceptance of a Rule 68 offer, and settlement agreements in its second release.

22. ICE did not produce each settlement agreement for the approximately 140 cases identified in its July 2, 2025 spreadsheet.

23. On the spreadsheet, ICE indicated a settlement amount for each case.

24. According to my review of the records produced in the second release, some of the settlement documents show different amounts than what was provided on the July 2, 2025 spreadsheet. In one case, as set forth below, the number simply did not match the spreadsheet. In other cases, it appears that multiple agencies or divisions may have allocated settlement amounts.

25. On the spreadsheet, ICE indicated that it paid $187,000 to settle fees and costs in *ACLU Immigrant's Rights Project v. ICE*, No. 19-cv-7058.

26. According to the stipulation of settlement produced by ICE in that case, ICE paid $187,500 to settle attorneys' fees and costs. A true and correct copy of the stipulation produced by ICE in its second release is attached as **Exhibit 3** hereto.

5

27. On the spreadsheet, ICE indicated that it paid $12,000 to settle *ACLU v. DHS*, No. 15-cv-9020.

28. According to the stipulation and order of settlement produced by ICE in that case, a total of $90,000 was paid by the various defendants to settle attorneys' fees and costs. A true and correct copy of the stipulation and order of settlement produced by ICE in its second release is attached as **Exhibit 4** hereto.

29. On the spreadsheet, ICE indicated that it paid $50,000 to settle *NIPNLG v. DHS*, Case No. 11-3235.

30. According to the stipulated settlement produced by ICE in that case, a total of $165,000 was paid to settle attorneys' fees and costs. A true and correct copy of the stipulated settlement produced by ICE in its second release is attached as **Exhibit 5** hereto.

31. On the spreadsheet, ICE indicated that it paid $10,565 to settle *ACLU of Maine v. DHS, ICE & CBP*, No. 18-cv-182.

32. According to the settlement agreement produced by ICE in that case, a total of $29,500 was paid by the government agencies to settle attorneys' fees and costs. A true and correct copy of the settlement agreement produced by ICE in its second release is attached as **Exhibit 6** hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4th, 2026 at Palm Beach County, Florida.

_____
Tiffany Hollis