UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER,

      Plaintiff,

    v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Defendants.

Civil Action No. 25-1523 (DLF)

**DEFENDANT'S COMBINED REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OPPOSITION TO
PLAINTIFF'S
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT...............................................................................................................................1

CONCLUSION.............................................................................................................................3

# TABLE OF AUTHORITIES

Cases

*Kowalczyk v. Dep't of Just.*,
   73 F.3d 386 (D.C. Cir. 1996) ...............................................................................................2
*Miller v. Casey*,
   730 F.2d 773 (D.C. Cir. 1984) .............................................................................................2

**INTRODUCTION**

Plaintiff the Human Rights Defense Center's cross-motion for summary judgment ("Pl.'s Mot.," ECF Nos. 12,13), fails to meaningfully respond to the dispositive motion filed by Defendant U.S. Immigration and Customs Enforcement ("Def.'s Mot.," ECF No. 11), showing that the Complaint should be dismissed, or that in the alternative, Defendant should be granted summary judgment on any existing claims because Defendant has already produced all records responsive to Plaintiff's FOIA request. As such, for the reasons stated below and in Defendant's motion, the Court should grant Defendant dismissal or final judgment on each of Plaintiff's claims and deny Plaintiff's cross-motion for summary judgment.

**ARGUMENT**

Plaintiff's FOIA request consists of two parts. The first part sought "[r]ecords, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against [Defendant] and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from July 10, 2014 to the present." Pineiro Decl. (ECF No. 11-4) ¶ 4. The second part sought "for each case of claim" falling under the purview of the first part of the FOIA request the "complaint or claim form and any amended versions" as well as "[t]he verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case." *Id*. Plaintiff does not dispute that Defendant has completely responded to the first part of the FOIA request. Declaration of Tiffany Hollis ("Hollis Decl.") (ECF No. 12-3) ¶ 18. Nor does Plaintiff dispute that Defendant, in a manner consistent with the second part of the FOIA request, has produced a complaint along with "court orders, stipulations of dismissal, stipulations of settlement and dismissal, acceptance of a Rule 68 offer, and settlement agreements" for each case identified in

the response to the first part of the FOIA request.[1] *Id.* ¶¶ 20-22. Therefore, the sole basis of Plaintiff's cross-motion is that Defendant has not provided a settlement agreement for every single case identified in Defendant's response to the first part of the FOIA request, even though the second part of the FOIA request exclusively seeks "[t]he verdict form, final judgment, settlement agreement, consent decree, *or* other paper that resolved the case." *See supra*. (emphasis added). Because the plain terms of Plaintiff's FOIA request do not require that a settlement agreement be produced for each case identified in Defendant's response to the first part of the FOIA request, Plaintiff's cross-motion should be denied. At bottom, Defendant was bound to read [the request] as drafted, not as either agency officials or [the requester] might wish it was drafted," *Miller v. Casey*, 730 F.2d 773, 774 (D.C. Cir. 1984), and Defendant is not obliged to look beyond the four corners of the request for leads to the location of responsive documents. *See e.g., Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996).

Furthermore, Defendant has demonstrated by affidavit that an adequate search for responsive records has been conducted and that all records responsive to the FOIA have been released to Plaintiff without any exemptions asserted. *Id.* ¶¶ 22-41. Although Plaintiff's cross-motion does generally deny that he waived any right to challenge the adequacy of Defendant's search, it does not challenge the adequacy of Defendant's search. *See generally* Cross-Mot. (ECF No. 12-1). Accordingly, based on the undisputed facts present in the record, the Court should find that Plaintiff did not adequately challenge the scope of Defendant's search.

---

[1]     Plaintiff states that four complaints might be missed from Defendant's production. Hollis Decl. ¶ 20. The undersigned counsel has pulled those complaints and provided them to Plaintiff's counsel on March 18, 2026.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion

to Dismiss, or in the Alternative, for Summary Judgment and deny Plaintiff's Cross-Motion for

Summary Judgment.

Dated:  March 18, 2026
   Washington, DC

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        United States Attorney


        By:    /s/ *Fithawi Berhane*
          FITHAWI BERHANE
          Assistant United States Attorney
          601 D Street, NW
          Washington, DC 20530
          (202) 252-6653
          Fithawi.Berhane@usdoj.gov

        *Attorneys for the United States of America*

3