UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER,

       Plaintiff,

      v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

       Defendant.

Case No. 25-cv-1523 (DLF)

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

1

**TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................................1

ARGUMENT............................................................................................................................1

    I.    Plaintiff challenges the adequacy of Defendant's search for records................................1

    II.   Defendant does not dispute that the records it produced are insufficient..........................2

CONCLUSION...........................................................................................................................3

# TABLE OF AUTHORITIES

**Cases**

*Jud. Watch, Inc. v. F.B.I.*,
    522 F.3d 364 (D.C. Cir. 2008)..................................................................................................3

*Jud. Watch, Inc. v. Export–Import Bank*,
    108 F.Supp.2d 19 (D.D.C. 2000)..............................................................................................3

*Oglesby v. United States Dep't of Army*,
    920 F.2d 57 (D.C. Cir. 1990)....................................................................................................2

*Pub. Citizen, Inc. v. Dep't of Educ.*,
    292 F. Supp. 2d 1 (D.D.C. 2003)..............................................................................................2

*S. Utah Wilderness All. v. U.S. Bureau of Land Mgmt.*,
    402 F. Supp. 2d 82 (D.D.C. 2005) ...........................................................................................3

*Truitt v. Dep't of State*,
    897 F.2d 540 (D.C. Cir. 1990)..................................................................................................1

*Valencia-Lucena v. Coast Guard*,
    180 F.3d 321 (D.C. Cir. 1999)..............................................................................................1, 2

*Weisberg v. United States Dep't of Justice*,
    627 F.2d 365 (D.C. Cir. 1980)..................................................................................................2

*Weisberg v. United States Dep't of Justice*,
    705 F.2d 1344 (D.C. Cir. 1983)................................................................................................1

**INTRODUCTION**

Defendant Immigration and Customs Enforcement ("Defendant") raises two arguments in response to Plaintiff Human Rights Defense Center's ("Plaintiff") cross-motion for summary judgment. [ECF No. 15]. First, it claims that it was "bound" to read Plaintiff's FOIA request "as drafted," which it contends forecloses processing and release of documents demonstrating what Defendant has paid to resolve FOIA litigation. Second, it claims that Plaintiff does not challenge the adequacy of Defendant's search for records. Both arguments are plainly wrong.

**ARGUMENT**

**I.   Plaintiff challenges the adequacy of Defendant's search for records.**

In its cross-motion, Plaintiff clearly articulates that it is challenging the adequacy of Defendant's search for records. [ECF No. 12-1 at 8–11]. Plaintiff argues that "Defendant's search for records responsive to the second part of HRDC's Request—for each case, 'The complaint or claim form and any amended versions; The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case'—was plainly inadequate under FOIA. Defendant's affidavit confirms this." [*Id.* at 8]. Plaintiff then sets forth several explanations why Defendant's search was incomplete and how its supporting declaration was insufficient. To now say that Plaintiff never raised an argument on the adequacy of Defendant's search is perplexing and highly misleading.

Instead, in the face of Plaintiff's arguments, it is Defendant who has not met its burden to demonstrate the adequacy of its search. *Valencia-Lucena v. Coast Guard,* 180 F.3d 321, 325 (D.C. Cir. 1999); *Truitt v. Dep't of State,* 897 F.2d 540, 542 (D.C. Cir. 1990). Defendant has not shown "beyond material doubt" that it complied with its obligations under FOIA to "uncover all relevant documents." *Weisberg v. United States Dep't of Justice,* 705 F.2d 1344, 1351 (D.C. Cir. 1983)

1

("*Weisberg II*"). Because Defendant's arguments and its affiant's statements do not demonstrate that "all files likely to contain responsive materials (if such records exist) were searched," *Valencia-Lucena*, 180 F.3d at 326 (quoting *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)), it has not carried its burden at summary judgment. *See also Weisberg v. United States Dep't of Justice,* 627 F.2d 365, 370 (D.C. Cir. 1980) ("*Weisberg I*") (affidavit asserting that agency official "ha[s] conducted a review of [agency] files which would contain [responsive] information," without describing approach to search or identifying files searched, is insufficiently detailed to permit summary judgment); *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 6 (D.D.C. 2003) (insufficient to "merely claim" that search would be unreasonable).

## II.    Defendant does not dispute that the records it produced are insufficient.

Plaintiff has explained in detail why the request is permissible under FOIA and how a natural reading of the request using its plain language and the *ejusdem generis* principle dictates production of both the FOIA complaints and the relevant documents resolving each matter, whether it be a settlement agreement, final judgment, or consent decree. [ECF No. 12-1 at 12–14].

In its response, Defendant argues in a sentence that Plaintiff's FOIA request is simply overbroad. [ECF No. 15 at 5]. But Defendant also does not dispute the examples Plaintiff has provided in its statement of material facts. [*Compare* ECF No. 12-2 ¶ 31(a)–(h) *with* ECF No. 15-1 at 4].[1] Those examples show how the scant settlement agreements provided by Defendant belie the settlement figures in Defendant's spreadsheet. Defendant fails to respond to Plaintiff's

---

[1] It appears that Defendant responded only to Plaintiff's additional statement of facts in response to Defendant's motion for summary judgment at ECF No. 13-1 and not Plaintiff's statement of facts in support of its cross-motion for summary judgment at ECF No. 12-2. While those two statements are largely the same, the affirmative statement of facts contains additional information and paragraphs. Defendant has therefore failed to comply with the local rules and respond adequately.

argument on why these discrepancies bolster the importance of the underlying settlement documents. [ECF No. 12-1 at 11]. The request was not to generate a spreadsheet of information, but to provide the documents supporting the FOIA litigation settlement payments. Those documents are the complaints—which Defendant provided, with some exceptions that it now has rectified in response to Plaintiff's motion—and the document that resolved each FOIA case.

Because FOIA cases are normally not tried to verdict, *see S. Utah Wilderness All. v. U.S. Bureau of Land Mgmt.*, 402 F. Supp. 2d 82, 86 (D.D.C. 2005) (citing *Judicial Watch, Inc. v. Export–Import Bank*, 108 F.Supp.2d 19, 25 (D.D.C. 2000)), there are likely no verdict forms. There may be judgments or consent decrees. *Jud. Watch, Inc. v. F.B.I.*, 522 F.3d 364, 367 (D.C. Cir. 2008) (FOIA-plaintiff substantially prevails if awarded relief "in a judgment on the merits or in a court-ordered consent decree") (citations omitted). And there are certainly settlements. [*See, e.g.*, ECF Nos. 12-6, 12-7, 12-8, 12-9]. The FOIA request clearly seeks whichever of these documents exist for each case identified in part one of the request. Defendant's failure to adequately search for and release these records is dispositive. Plaintiff has carried its burden. Defendant has neither met its burden nor meaningfully responded to Plaintiff's arguments.

## CONCLUSION

For all these reasons, the Court should enter summary judgment in HRDC's favor.

Dated: March 19, 2026

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (DC Bar # 1044374)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, GA 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Human Rights Defense Center*

3