**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendant*. | No. 25-cv-1523 (DLF) |

**MEMORANDUM OPINION AND ORDER**

The Human Rights Defense Center (HRDC) brings this lawsuit against Immigration and Customs Enforcement (ICE) under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* (FOIA). Compl., Dkt. 1. Before the Court is ICE's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, Dkt. 11, and HRDC's Cross-Motion for Summary Judgment, Dkt. 12. For the reasons that follow, the Court will deny ICE's motion and deny HRDC's motion without prejudice.

## I. BACKGROUND

In July 2024, HRDC submitted a two-part FOIA request to ICE. First, HRDC requested records showing "all claims or lawsuits brought against ICE . . . in which payments totaling $1,000 or more were disbursed from July 2014 to the present." Pineiro Decl. ¶ 4, Dkt. 11-4. HRDC also requested, for each identified case or claim, "[t]he complaint or claim form and any amended versions; [t]he verdict form, final judgment, settlement agreement, consent decree, *or other paper that resolved the case*." *Id.* ¶ 4.

ICE produced a Microsoft Excel document listing the information sought in the first part of the FOIA request and 3,833 pages of records responsive to the second part. *Id.* ¶¶ 13–14. However, it produced only notices or stipulations of dismissal for cases that settled, and no settlement agreements. *See* Def.'s Mot. to Dismiss, Ex. A, Dkt. 11-3.

After its production, ICE moved to dismiss on mootness grounds, *see* Def.'s Mot. to Dismiss, Dkt. 11, arguing that it had fully satisfied HRDC's request by producing verdict forms or final judgments for litigated cases and stipulations or orders of dismissal for settled cases, *id.* at 4–5. HRDC cross-moved for summary judgment. *See* Pl. Mot. Summ. J., Dkt. 12. The parties' motions are ripe for resolution.

## II. ANALYSIS

For purposes of the defendant's motion to dismiss, the parties' dispute principally turns on a question of construction of the plaintiff's FOIA request. As noted, HRDC requested, for each identified case or claim, "[t]he complaint or claim form and any amended versions; the verdict form, final judgment, settlement agreement, consent decree, *or other paper that resolved the case*." Pineiro Decl. ¶ 4. The question before the Court is whether HRDC's request requires ICE to produce a settlement agreement where a case ended in settlement, or may ICE satisfy the request by producing only a stipulation or order dismissing the resulting litigation.

ICE takes the latter view. It reads "or other paper that resolved the case" to permit production of any one document reflecting a case's resolution. *See* Def. Mot. to Dismiss 4–5. Thus, where litigation ended following settlement, ICE contends that a stipulation or order of dismissal qualifies as an "other paper that resolved the case," regardless of whether ICE also possesses a settlement agreement. *Id.* And ICE appears to have produced such dismissal papers for the settled cases at issue. Pineiro Decl. ¶ 13. HRDC, by contrast, argues that the request

specifically calls for settlement agreements where they exist, and that ICE cannot substitute publicly available dismissal papers for those nonpublic agency records. *See* Pl. Mot. Summ. J. 4–8.

HRDC has the better reading. An agency must respond to a FOIA request "as drafted, not as either agency officials or [the requester] might wish it was drafted." *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984). But the D.C. Circuit has also instructed agencies to construe FOIA requests liberally rather than adopt unduly narrow readings that frustrate a reasonably apparent request for records. *See LaCedra v. EOUSA*, 317 F.3d 345, 347–48 (D.C. Cir. 2003). The touchstone remains whether the request "reasonably describes" the records sought—that is, whether it enables "a professional employee of the agency who was familiar with the subject area of the request" to identify the requested records with reasonable effort. *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37, 42 (D.D.C. 2022) (citation modified).

*LaCedra* is instructive. There, the requester sought "all documents pertaining to" a particular criminal case and then enumerated several categories of records. *LaCedra*, 317 F.3d at 346. The agency treated that enumeration as limiting the preceding request for "all documents." *Id.* at 347. The D.C. Circuit rejected that construction, reasoning that the agency's interpretation was inconsistent with the request when read as a whole. *Id.* at 348. Doing so would have effectively read the request for "all documents" out of the request. *Id.* Such an interpretation did not comport with the mandate to "construe a FOIA request liberally." *Id.* (internal quotation marks omitted).

To be sure, *LaCedra* presented a more obvious textual conflict than this case. ICE's interpretation does not literally excise "settlement agreement" from HRDC's request: The disjunctive "or," considered in isolation, could support the view that production of one listed

resolution document is enough. But FOIA requests are not construed by isolating a conjunction from the remainder of the request. *LaCedra* and other in-circuit authority instead require the agency to give a reasonable construction to the request as a whole, informed by what records the requester has reasonably described. *See id.* at 347–48; *see also Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995); *New Orleans Workers' Ctr. for Racial Just. v. ICE*, 373 F. Supp. 3d 16, 34 (D.D.C. 2019).

Read that way, ICE's construction is unpersuasive. HRDC specifically identified "settlement agreements" as one category of records sought. Yet under ICE's interpretation, that category would have little, if any, practical operation. A case resolved by settlement ordinarily will also generate some paper terminating the litigation—a stipulation or order of dismissal, for example. If ICE may always produce that publicly available paper instead of a settlement agreement in its possession, it is difficult to identify any circumstance in which the request's express reference to "settlement agreements" would require ICE to produce one. The better reading gives that language meaningful effect: The enumerated terms identify the particular resolution documents sought when applicable, while the residual phrase "other paper that resolved the case" captures cases resolved through some mechanism not specifically enumerated. Pineiro Decl. ¶ 4.

That reading also accords with the evident structure of the request. HRDC did not merely ask for "a paper showing how each case was resolved." *Id.* It separately named verdict forms, final judgments, settlement agreements, and consent decrees before adding the catchall "other paper that resolved the case." *Id.* Treating the catchall as permitting ICE to substitute one readily available resolution document for a specifically enumerated category collapses that structure and

converts a request identifying several types of records into a request for any single document evidencing disposition. Nothing in the wording of the request mandates that result.

HRDC's experience with materially identical requests to other agencies provides some additional, though not independently dispositive, support for that conclusion. HRDC represents that it has submitted materially identical requests to other agencies and that those agencies have not understood the wording to permit withholding settlement agreements in favor of dismissal papers where available. *See HRDC v. Fed. Bureau of Prisons*, No. 25-cv-1522 (D.D.C.); *HRDC v. U.S. Dep't of Homeland Security*, No. 25-cv-1525 (D.D.C.); *HRDC v. U.S. Secret Service*, No. 25-cv-1622 (D.D.C.); *HRDC v. Fed. Bureau of Investigation*, No. 25-cv-3920 (D.D.C.); *HRDC v. U.S. Customs and Border Protection*, No. 25-cv-3921 (D.D.C.); *HRDC v. U.S. Park Police*, No. 25-cv-4017 (D.D.C.); *HRDC v. U.S. Dep't of the Interior*, No. 25-cv-4019 (D.D.C.). That practice cannot alter the request's text or bind ICE. But to the extent that ICE contends its construction is compelled by the wording of the request, the fact that several other agencies have readily understood the same language to encompass settlement agreements reinforces the conclusion that HRDC reasonably described those records.

The Court therefore concludes that, where an identified case was resolved by settlement and ICE possesses the corresponding settlement agreement, HRDC's FOIA request encompasses that agreement; ICE may not treat a stipulation or order of dismissal as a substitute merely because that document also reflects the termination of the litigation. Applying that interpretation, ICE must conduct an additional search for any settlement agreements or other enumerated documents responsive to HRDC's FOIA request and produce them subject to any applicable FOIA exemptions. Because the Court's resolution of the scope of the request issue alters the premise on which HRDC's cross-motion was briefed, the Court will deny its motion without prejudice and

permit it to renew its motion after ICE has had an opportunity to conduct an additional search and any resulting production as required by this decision.

Accordingly, it is

**ORDERED** that ICE's Motion to Dismiss, Dkt. 11, is **DENIED**. It is further

**ORDERED** that HRDC's Cross-Motion for Summary Judgment, Dkt. 12, is **DENIED WITHOUT PREJUDICE**.

DABNEY L. FRIEDRICH
United States District Judge

September 28, 2026